# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4281
_____

Jorge Estuardo Sanchez-Soto

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: August 31, 2017
Filed: October 11, 2017
[Unpublished]
_____

Before COLLOTON, BOWMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Jorge Estuardo Sanchez-Soto petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the decision of an immigration judge (IJ), which denied him withholding of removal and relief

under the Convention Against Torture (CAT).[1]  Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

Sanchez-Soto sought immigration relief based on his membership in two particular social groups:  (1) Guatemalans whose families have been targeted for attacks by gangs and continue to receive threats, and (2) returnees from the United States who are perceived to be wealthy.  In concluding that he was ineligible for withholding of removal, the IJ found that he failed to demonstrate past or future persecution based on his membership in a cognizable social group.  Sanchez-Soto offered no evidence showing his proposed groups were viewed as socially distinct within Guatemalan society, and failed to distinguish them from groups previously held not cognizable.  *See Ngugi v. Lynch*, 826 F.3d 1132, 1137-39 (8th Cir. 2016) (whether group is particular social group is question of law reviewed de novo); *De Castro-Gutierrez v. Holder*, 713 F.3d 375, 380 (8th Cir. 2013) (social group must not be defined just by fact its members have been targeted for persecution); *Matul-Hernandez v. Holder*, 685 F.3d 707, 711-13 (8th Cir. 2012) (Guatemalans returning from United States and perceived as wealthy is not particular social group).  Substantial evidence supports the agency's factual determinations, and there was no error of law.  *See Davila-Mejia v. Mukasey*, 531 F.3d 624, 627, 629 (8th Cir. 2008) (standard of review and withholding requirements).

As to Sanchez-Soto's CAT claim, his evidence did not show it is more likely than not that he would be tortured if removed to his home country.  *See De Castro-Gutierrez*, 713 F.3d at 381-82 (standard for CAT relief).

The petition is denied.  *See* 8th Cir. R. 47B.

_____

[1]The IJ's denial of asylum is not before the panel.  *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).